(11 P.3d 517)

No. 84,091

In the Matter of the Treatment of MICHAEL LAIR, *Appellant.*

Opinion filed October 6, 2000.

*Sara S. Beezley*, of Girard, for the appellant.

*Kelli L. Newton*, assistant attorney general, and *Carla J. Stovall*, attorney general, for the appellee.

Before PIERRON, P.J., LEWIS, J., and PAUL E. MILLER, District Judge, assigned.

LEWIS, J.: Defendant Michael Lair was convicted in 1982 of one count of indecent liberties with a child and was placed on parole.

A few years later, he entered into a diversion agreement on a misdemeanor charge of lewd fondling of a child, his parole was revoked, and he was committed to the custody of the Secretary of Corrections. He was paroled in 1989 for approximately 3½ years. His parole was revoked in 1992 as a result of his failure to report to the parole officer and his being charged with new crimes.

When defendant was about to be released from the Department of Corrections, the State filed a petition pursuant to the Kansas Sexually Violent Predators Act (Act), K.S.A. 59-29a01 *et seq.*, alleging that he was a sexually violent predator. This action was tried to a jury, which found defendant was a sexually violent predator. As a result of the verdict, the trial court ordered defendant into the custody of the Department of Social and Rehabilitation Services (SRS) for control and treatment. Defendant appeals from his designation as a sexually violent predator and from his placement in the custody of SRS as a result of that designation.

We affirm.

This appeal stems from defendant's desire to be evaluated by a specific psychologist and to have that psychologist, Gail Roberson, testify as to whether defendant would be accepted into her sexual offender treatment program. The State filed a motion in limine seeking to exclude Roberson's evaluation of defendant and her testimony at trial. The trial court denied defendant's motion for evaluation and granted the State's motion in limine. This appeal followed.

The Act requires long-term care and treatment of sexually violent predators who are determined to pose a high risk of repeating sexually violent acts. K.S.A. 1999 Supp. 59-29a01.

Defendant argues he should have been able to seek an evaluation from Roberson for the purpose of evaluating whether he would be accepted into her program for rehabilitating sexual offenders. He argues that her evidence would show that he does not need to be confined as a sexually violent predator.

The State responds, arguing that the Act requires a jury only to find that a defendant has been charged with a sexually violent offense, that he suffers from a mental abnormality or personality disorder, and that this disorder makes him likely to engage in pred-

atory acts of sexual violence. The State suggests that issues concerning the care and treatment of a sexually violent predator are questions outside the province of the jury. The State argues that Roberson would testify concerning recidivism rates of offenders who had completed her program and that this would be prejudicial since her treatment program was not geared specifically for violent sexual predators. It submits that her testimony would not only be prejudicial but also that it is irrelevant.

The issue on appeal is whether the testimony of Roberson was relevant and should have been admitted at trial. Our standard of review on a question of this nature is whether the trial court abused its discretion. *State v. Gardner*, 264 Kan. 95, 103-04, 955 P.2d 1199 (1998). Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the view of the trial court.

The controlling statute in this case appears to be K.S.A. 1999 Supp. 59-29a07. That statute states in relevant part:

"(a) The court or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator. . . . If the *court or jury determines that the person is a sexually violent predator, the person shall be committed to the custody of the secretary of social and rehabilitation services for control, care and treatment until such time as the person's mental abnormality or personality disorder has so changed that the person is safe to be at large. Such control, care and treatment shall be provided at a facility operated by the department of social and rehabilitation services.*" (Emphasis added.)

The statute provides that a jury is only to determine whether the individual is a sexually violent predator. The jury is not concerned with and does not determine the course of treatment for a sexually violent predator. The question is one of the relevancy of the testimony in question. Relevant evidence is evidence having any tendency in reason to prove any material fact. *Simon v. Simon*, 260 Kan. 731, 741, 924 P.2d 1255 (1996). The treatment of a sexually violent predator is not a material fact before the jury.

The Act provides that a sexually violent predator *shall* be placed under the care, custody, and control of the SRS. At trial, the State presented two witnesses who stated that in their opinions, defendant was likely to repeat sexually violent offenses. The witness prof-

fered by defendant had never met him and would only have testified about general theories. There is no indication in the record that Roberson would have testified to anything other than her opinions to the proper care, custody, and control of defendant. This testimony would not have been relevant to any issue before the jury. We hold that evidence which deals only with the course of treatment for an individual is not relevant in a trial to determine whether a defendant is a sexually violent predator under K.S.A. 1999 Supp. 59-29a07. The trial court did not abuse its discretion in granting the State's motion in limine.

Defendant next argues that the evidence was not sufficient to prove him to be a sexually violent predator beyond a reasonable doubt. Although this is a civil action, the burden of proof placed upon the plaintiff is to prove that defendant is a sexually violent predator beyond a reasonable doubt. K.S.A. 1999 Supp. 59-29a01, 59-29a07. When the sufficiency of the evidence is challenged, our standard of review is whether, after a review of all the evidence, viewed in the light most favorable to the State, an appellate court is convinced that a rational factfinder could have found defendant to be a sexually violent predator beyond a reasonable doubt. *In re Care & Treatment of Hay*, 263 Kan. 822, 842, 953 P.2d 666 (1998).

We have reviewed the evidence and hold that the evidence was sufficient to allow the jury in this case to have found defendant to be a sexually violent predator beyond a reasonable doubt. Defendant's particular problem appears to have been with children. The State called two expert witnesses, both of whom testified that defendant is a pedophiliac and suffers from an anti-social personality disorder. Defendant's own witness, Dr. William Logan, agreed that defendant was a pedophiliac.

The question at trial was whether defendant was likely to repeat his sexually violent acts. Under our reading of the evidence, defendant was certainly likely to repeat those actions. One of the State's witnesses testified that defendant had told him that he had been fooling around with pre-teenage boys since he was 18 years of age.

There was also evidence presented concerning his 1982 conviction and the diversion in 1985, along with an accusation made by an ex-wife's daughter that defendant had molested her. In addition, defendant admitted that he had a sexual fantasy regarding children *after* being incarcerated.

The witnesses for the State and the expert witness for defendant agreed that pedophiliacs such as defendant who are attracted mainly to boys are twice as likely to reoffend as those who are attracted to adult males and females.

We have no doubt that there was sufficient evidence upon which the jury could reach a conclusion that this defendant was a sexually violent predator beyond a reasonable doubt.

Affirmed.